NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ALVERN C. WEED,**
*Petitioner*

**v.**

**SOCIAL SECURITY ADMINISTRATION,**
*Respondent*

---

2017-1664

---

Petition for review of the Merit Systems Protection Board in No. DE-1221-09-0320-P-2.

---

Decided: October 5, 2017

---

ALVERN C. WEED, Kalispell, MT, pro se.

JESSICA R. TOPLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before MOORE, PLAGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Alvern Weed appeals from a Merit Systems Protection Board ("Board") decision affirming an administrative judge's ("AJ") decision requiring the Social Security Administration ("SSA") to pay Mr. Weed lost wages and benefits for the period from September 5, 2006 until October 17, 2012 and denying his claim for additional damages. For the reasons discussed below, we *affirm*.

## BACKGROUND

Mr. Weed, a 10-point compensable preference-eligible veteran and former lead contract specialist with the Department of the Air Force, filed two appeals with the Board in 2008. He alleged the SSA violated his veterans' preference rights under the Veterans Employment Opportunities Act of 1998 ("VEOA") and discriminated against him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"). He alleged the SSA filled four vacancies in its Kalispell, Montana office under the noncompetitive authority of the Federal Career Intern Program ("FCIP") without public notice of the vacancies and without advising him or providing him an opportunity to compete for the positions. The Board joined Mr. Weed's appeals with his individual right of action ("IRA") appeal regarding the same four vacancies.

The AJ granted corrective action in Mr. Weed's VEOA appeal, but denied corrective action in the USERRA and IRA appeals. The AJ ordered the SSA to reconstruct the hiring process in Kalispell, Montana for the four vacancies, from which appointments had been made. Mr. Weed petitioned for review, and on September 10, 2012, the Board affirmed the AJ's decision. The Board found the SSA violated Mr. Weed's veterans' preference rights and his right to compete under the VEOA and ordered the SSA to reconstruct the hiring process in Kalispell, Montana for the four vacancies.

On October 9, 2012, the SSA extended a retroactive job offer to Mr. Weed for the position of Social Insurance Specialist (Claims Representative). The offer was retroactive to September 5, 2006, the date on which the SSA filled the first of the four vacancies at issue. The offer letter notified Mr. Weed that failure to respond on or before seven calendar days from his receipt of the offer would be considered a declination. Mr. Weed testified he received the SSA's job offer on October 10, 2012, and that he never responded to the offer. He filed a petition for enforcement, arguing the SSA did not comply with the Board's order to reconstruct the hiring process for the four vacancies.

In March 2013, the Board ordered additional briefing so the parties could submit evidence and argument on whether the SSA reconstructed the hiring process as ordered, or in the alternative, whether the SSA conceded that absent a violation of Mr. Weed's veterans' preference rights, he would have been selected for the positions in question. The SSA conceded that absent a violation of Mr. Weed's veterans' preference rights, he would have been selected for any of the four positions.

Mr. Weed filed a renewed petition for lost wages, benefits, and liquidated damages under the VEOA. He also sought consequential damages and front pay. In an initial decision citing *Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1318 (Fed. Cir. 2009), the AJ found Mr. Weed was entitled to lost wages or benefits, pursuant to 5 U.S.C. § 3330c, from the selection date that violated his veterans' preference rights until the time he declined the position at issue. The AJ found Mr. Weed declined SSA's job offer on October 17, 2012 and Mr. Weed's request for service credit for retirement benefits was premature. Thus the AJ concluded Mr. Weed was entitled to lost wages for the period from September 5, 2006 until October 17, 2012. The AJ rejected Mr. Weed's argument that the time period should extend to March 29,

2013, the date on which the SSA conceded he would have been entitled to the vacancies but-for its VEOA violation, and denied Mr. Weed's request for liquidated damages, consequential damages, and front pay.

Mr. Weed appealed, and the Board affirmed Mr. Weed's entitlement to any lost wages or benefits under § 3330c and the denial of other damages and expenses. The Board found that "any loss of wages or benefits" under § 3330c(a) requires it to award both wages and benefits if both types of losses were incurred. It agreed with the AJ that the award period ended on October 17, 2012 and did not extend through March 29, 2013. Mr. Weed appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of the Board's decision is limited by statute. We must affirm a final decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938).

On appeal, Mr. Weed challenges the Board's conclusion that his entitlement to lost wages and benefits terminated on October 17, 2012. Mr. Weed argues the Board failed to consider the fact that there were four separate VEOA violations. He argues he is entitled to lost wages and benefits through March 29, 2013, the date on which the SSA conceded he would have been entitled to any of the four vacancies. He argues that the Board's reliance on *Marshall* is misplaced because that case involved an order requiring an agency to reconstruct a selection process for one position, whereas this case involves an

order requiring the SSA to reconstruct the selection process for four positions. He asserts the Board failed to acknowledge this factual distinction and thus failed to address the facts of his case. Mr. Weed argues that because there were four separate violations of his veterans' preference rights, his lost wages and benefits should be extended until March 29, 2013, the date upon which the government conceded that he would have been selected for all four jobs.

We do not agree with Mr. Weed. This is a fact specific case and is being decided in light of the arguments made by Mr. Weed. The government selected the earliest listing of the four jobs (thus creating the earliest time for applicability of lost wages and benefits) and it selected the highest paying of the four jobs to base his lost wages upon. Under *Marshall*, the government correctly determined that lost wages and benefits should cease on the date that Mr. Weed declines the job offer that was ultimately made. Certainly Mr. Weed cannot receive (and he did not seek) lost wages for the same time period for all four jobs. We see no error in the government's decision to select one of the four, the highest paying one, and pay Mr. Weed back pay based upon that job. Mr. Weed has not argued that he would have preferred or have accepted one of the other three lower paying jobs. If this argument had been made, it may have affected the salary upon which his back pay was based and the date the back pay began and the date it ceased. Even though the government did not concede that Mr. Weed would have been selected for the other three jobs until March 29, 2013, in light of the facts of this case and the arguments made, we see no error in the Board's decision.

Mr. Weed also argues the Board erred in failing to consider *Ford Motor Company v. Equal Employment Opportunity Commission*, 458 U.S. 219 (1982). He argues the SSA's multiple statutory violations constitute special circumstances, under which he is entitled to backpay

extending beyond his rejection of the SSA's October 2012 retroactive job offer. We do not find Mr. Weed's arguments persuasive.

We have considered Mr. Weed's remaining arguments and find them unpersuasive.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.