# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SEAN M. DONAHUE,

      Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,

      Agency.

DOCKET NUMBER
PH-3330-17-0167-I-1

DATE: July 20, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sean M. Donahue</u>, Hazleton, Pennsylvania, pro se.

<u>Marcus S. Graham</u>, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which granted his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA), but denied his request for legal fees and found his request for damages premature. Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113.

¶2    As further detailed in the initial decision, the agency solicited applications to fill a Budget Analyst position. Initial Appeal File (IAF), Tab 16, Initial Decision (ID) at 1. The appellant applied but was not selected. ID at 1-2. He filed a complaint with the Department of Labor (DOL), alleging that the agency violated his right to compete under VEOA. ID at 2. DOL indicated that while his complaint had merit, it was unable to resolve the matter. *Id*. Thereafter, the appellant filed the instant VEOA appeal with the Board. *Id*.

¶3    Before the administrative judge, the agency conceded that it violated the appellant's VEOA rights. *Id*. The agency further indicated that, as a result, it had fully reconstructed the hiring process, added the appellant to the list of candidates referred to the selecting official, and made a new selection. *Id*. As a result of this reconstruction, the agency moved to dismiss the appellant's appeal as moot. *Id*.

¶4    The administrative judge issued an initial decision, denying the agency's motion to dismiss and granting the appellant's request for corrective action under VEOA. ID at 4-8. In short, the administrative judge found the appellant was not

given a bona fide opportunity to compete in the reconstructed hiring process because, in effect, the agency refused to consider qualified external candidates such as the appellant based on its internal policy of giving internal candidates first consideration. ID at 6-8 (citing *Gingery v. Department of Veterans Affairs*, 114 M.S.P.R. 175 (2010)). The initial decision ordered the agency to reconstruct the hiring process while affording the appellant his right to compete. ID at 8-9.

¶5    Although the administrative judge granted corrective action, he denied the appellant's motion for legal fees because the appellant failed to show that he incurred any. ID at 8. The administrative judge also dismissed the appellant's request for damages as premature. *Id*. The appellant has filed a petition for review, reasserting his request for damages. Petition for Review (PFR) File, Tab 1 at 3. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3-4.[2]

¶6    Under VEOA, a prevailing party is entitled to the following relief: (1) agency compliance with the statute or regulation relating to veterans' preference that the agency violated; (2) compensation for lost wages or benefits that resulted from the violation; and (3) attorney fees, expert witness fees, and litigation expenses. 5 U.S.C. § 3330c. Further, if the violation was willful and the appellant is entitled to lost wages and benefits, he also is entitled to receive liquidated damages equal to lost wages and benefits. 5 U.S.C. § 3330c(a).

¶7    Based upon the above, the Board has recognized that if an agency violated an appellant's right to compete, that appellant is not automatically entitled to the position sought; rather, he is entitled to a selection process consistent with law. *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 13 (2013). If an appellant is selected during the reconstructed hiring process, the agency must pay

---

[2] We note that the appellant attempted to file additional pleadings, but the Clerk of the Board properly rejected them. PFR File, Tabs 5-6; *see* 5 C.F.R. § 1201.114(a)(5) (permitting a petition for review, response, and reply, but no other pleading without leave from the Clerk).

lost wages and benefits. *See Weed v. Social Security Administration*, [124 M.S.P.R. 71](#), ¶¶ 11-21 (2016), *aff'd*, 711 F. App'x 624 (Fed. Cir. 2017). If the agency must pay lost wages and benefits, it also may be required to pay liquidated damages. *Id.*, ¶¶ 7-10.

¶8      Because the record does not show whether the appellant has been selected for the Budget Analyst position as a result of a properly reconstructed hiring process, we agree with the administrative judge's conclusion that the request for damages is premature. ID at 8; *see Dow v. General Services Administration*, [116 M.S.P.R. 369](#), ¶ 14 (2011) (recognizing that an agency's obligation to comply with an appellant's veterans' preference rights is an ongoing obligation; damages cannot be determined until after the issue of an individual's entitlement to a position has been decided). Therefore, absent any other arguments from either party, we affirm the initial decision.

## ORDER

¶9      We ORDER the agency to properly reconstruct the hiring process for the Budget Analyst position under vacancy announcement number 693-16-CA-1792891-BU, and to afford the appellant his right to compete for this position under [5 U.S.C. § 3304](#)(f)(1). *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶10     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* [5 C.F.R. § 1201.181](#)(b).

¶11     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition

should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), section 3330c(b).  The regulations may be found at 5 C.F.R. §§ 1201.202, 1201.203, and 1208.25.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE TO THE APPELLANT
## REGARDING YOUR RIGHT TO REQUEST DAMAGES

You may be entitled to be compensated by the agency for any loss of wages or benefits you suffered because of the violation of your veterans' preference rights.  5 U.S.C. § 3330c(a); 5 C.F.R § 1208.25(a).  If you are entitled to such compensation, and the violation is found to be willful, the Board has the authority to order the agency to pay an amount equal to back pay as liquidated damages. 5 U.S.C. § 3330c(a); 5 C.F.R § 1208.25(a).  You may file a petition seeking compensation for lost wages and benefits or damages with the office that issued the initial decision in your appeal WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                 /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.