**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID B. WHITE,<br>          Appellant,<br><br>      v.<br><br>DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>          Agency. | DOCKET NUMBER<br>DA-3330-15-0044-P-2<br><br><br>DATE: February 24, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>David B. White</u>, San Antonio, Texas, pro se.

<u>Jeffrey Lee Linhart</u>, and <u>Thomas Herpin</u>, Esquire, Houston, Texas,
    for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the damages initial decision that granted, in part, his motion for damages arising from his successful appeal filed under the Veterans Employment Opportunities Act of 1998 (VEOA). For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the following reasons, we GRANT the appellant's petition for review and AFFIRM the initial decision AS MODIFIED by this Final Order, awarding the appellant compensation for any lost wages and benefits.

## BACKGROUND

¶2 The appellant, a preference-eligible veteran, timely applied for the positions of full-time and part-time Housekeeping Aid, both of which were open only to preference-eligible veterans. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0044-I-1, Initial Appeal File (IAF), Tab 6, Subtabs 4b, 4d, 4f, 4*l*-4m. In June 2014, the agency informed the appellant that he was ineligible for the positions. *Id.*, Subtab 4a at 2, Subtab 4c at 2. The appellant submitted proof of his eligibility before the vacancy announcements closed; however, due to a possible "administrative oversight," the human resources (HR) specialist did not change the appellant's eligibility status, and the agency did not consider or select him for either position. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0045-I-1, Initial Appeal File, Tab 20, Hearing Compact Disc (HCD) (testimony of the HR specialist). After the vacancy announcements closed on September 30, 2014, the HR specialist reviewed the appellant's application materials again and determined that he was eligible for the positions. *Id.* Thus, on or about October 29, 2014, the agency notified the appellant that he had been tentatively selected for the full-time Housekeeping Aid position. IAF, Tab 10 at 5. The appellant did not accept the offer, and, on December 31, 2014, the agency rescinded it. IAF, Tab 16 at 4.

¶3 The appellant filed Board appeals alleging that the agency violated his veterans' preference rights, MSPB Docket No. DA-3330-15-0044-I-1, and discriminated against him in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), MSPB Docket No. DA-4324-15-0045-I-1. For the purposes of adjudication, the administrative judge joined the USERRA and VEOA appeals. IAF, Tab 21. In an April 13, 2015 initial

decision, the administrative judge found that the agency violated the appellant's veterans' preference rights when it failed to reassess his eligibility for the Housekeeping Aid positions after he timely submitted documentation demonstrating that he was a preference-eligible veteran. IAF, Tab 23, Initial Decision (ID).[2] Thus, the administrative judge granted corrective action under VEOA, ordering the agency to reconstruct the hiring process. ID at 12-13. The initial decision became the Board's final decision in the VEOA appeal.[3]

¶4   Thereafter, the appellant filed a petition for enforcement arguing that the agency had failed to comply with the Board's order to reconstruct the hiring process. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0044-C-1, Compliance File (CF), Tab 1. The administrative judge found that, although the agency had not reconstructed the selection process as ordered, it was in material compliance with the Board's instructions because it had conceded that the appellant would have been selected for the positions but for the veterans' preference violation and had offered him appointment to both positions. CF, Tab 16, Compliance Initial Decision (CID) at 3. Thus, the administrative judge dismissed the appellant's petition for enforcement as moot. CID at 4. The appellant filed a petition for review, and the Board affirmed the administrative judge's determination that the agency was in material compliance with the Board's order. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0044-C-1, Final Order, ¶ 8 (June 20, 2016).

---

[2] The April 13, 2015 initial decision listed only MSPB Docket No. DA-4324-15-0045-I-1 in the case caption but also applied to MSPB Docket No. DA-4324-15-0044-I-1.

[3] The administrative judge dismissed the USERRA claim for lack of jurisdiction or, in the alternative, for failure to establish a USERRA violation. ID at 11-12. The appellant filed a petition for review of the initial decision, challenging only the administrative judge's findings regarding his USERRA claim, and the Board affirmed the initial decision as modified to find that the appellant established jurisdiction over his USERRA appeal but failed to prove a USERRA violation. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0045-I-1, Final Order (Sept. 17, 2015). The Board severed the USERRA and VEOA appeals to allow them to proceed independently. *Id.*, ¶ 2 n.2.

¶5    The appellant also filed motions for back pay, benefits, and liquidated damages based on the agency's violation of his veterans' preference rights. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-3330-15-0044-P-1, Damages File, Tabs 1-2, 4. The administrative judge dismissed the damages appeal without prejudice pending a decision on the appellant's petition for review of the compliance initial decision. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-3330-15-0044-P-1, Initial Decision (Mar. 16, 2016). On June 10, 2016, the damages appeal was automatically refiled. *White v. Department of Veterans Affairs*, MSPB Docket No. DA-3330-15-0044-P-2, Refiled Damages File (RDF), Tabs 1-2. In the damages initial decision, the administrative judge found that the appellant was entitled to lost wages *or* benefits, but not both, for the period from September 30, 2014 (when the vacancy announcements closed) to December 31, 2014 (when the agency rescinded the October 29, 2014 tentative job offer), and granted the appellant lost wages for that period. RDF, Tab 8, Damages Initial Decision (DID) at 5-7. The administrative judge denied the appellant's request for liquidated damages, finding that the agency did not willfully violate his veterans' preference rights, and denied his request for other supplemental damages. DID at 7-9.

¶6    The appellant has filed a petition for review of the damages initial decision, arguing that he is entitled to more back pay than awarded by the administrative judge, as well as benefits and liquidated damages. Petition for Review (PFR) File, Tab 1.[4] The agency has not submitted a response to the appellant's petition for review.

---

[4] In addition to challenging the findings in the damages initial decision, the appellant raises several arguments regarding the agency's compliance with the Board's order. PFR File, Tab 1 at 4-5. However, the compliance matter was fully adjudicated and is no longer before the Board. *See White v. Department of Veterans Affairs*, MSPB Docket No. DA-4324-15-0044-C-1, Final Order, ¶ 8 (June 20, 2016). Therefore, we have not considered the appellant's arguments on review regarding compliance.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>The appellant is entitled to back pay and benefits incurred as a result of the veterans' preference violation.</u>

¶7    Under VEOA, if the Board determines that an agency has violated an appellant's veterans' preference rights, it "shall . . . award compensation for any loss of wages or benefits suffered by the individual by reason of the violation involved." 5 U.S.C. § 3330c(a).  After the administrative judge issued the damages initial decision in this matter, the Board issued a precedential decision holding that a successful appellant in a VEOA appeal is entitled to compensation for lost wages *and* benefits incurred as a result of the veterans' preference violation pursuant to 5 U.S.C. § 3330c(a).  *Weed v. Social Security Administration*, 124 M.S.P.R. 71, ¶ 20 (2016), *aff'd*, 711 F. App'x 624 (Fed. Cir. 2017).  Therefore, we modify the damages initial decision to find that the appellant is entitled to lost wages *and* benefits[5] resulting from the agency's veterans' preference violation, rather than lost wages only.

<u>The appellant is entitled to lost wages and benefits for the period from September 30 to December 31, 2014.</u>

¶8    When, as here, a prevailing party in a VEOA appeal was not selected for a position because of the agency's veterans' preference violation, he "is entitled to lost wages or benefits pursuant to § 3330c from the [ ] selection date that violated his veterans' preference rights until such time as he is placed in the position at issue or declines the position at issue." *Marshall v. Department of Health & Human Services*, 587 F.3d 1310, 1317-18 (Fed. Cir. 2009).  As noted above,

---

[5] The VEOA statute does not define the term "benefits." *Weed*, 124 M.S.P.R. 71, ¶ 21; *see*, *e.g.*, 5 U.S.C. §§ 3330a-3330c.  However, the term "benefit" is defined broadly in USERRA to include "privileges of employment," such as, among other things, rights and benefits under a pension plan, awards, and bonuses.  38 U.S.C. § 4303(2); *Weed*, 124 M.S.P.R. 71, ¶ 21.  Because Congress enacted USERRA before it enacted VEOA and because they are similar remedial statutes, the Board construes the term "benefit" to have the same meaning in the two statutes. *Weed*, 124 M.S.P.R. 71, ¶ 21.  Accordingly, we find that the appellant is entitled "benefits" as that term is defined at 38 U.S.C. § 4303(2).

the administrative judge determined that the appellant was entitled to receive lost wages or benefits for the period from September 30, 2014, the date on which the vacancy announcements closed, until December 31, 2014, the date on which the agency rescinded its offer based on missing documentation.  DID at 6-7.  The administrative judge explained that the appellant's failure to act in a timely manner in response to the October 29, 2014 job offer was an effective declination of the offer.  DID at 6-7.  On review, the appellant contends that he should receive lost wages and benefits through January 2016, when the agency conceded that he would have been selected but for the veterans' preference violation.  PFR File, Tab 1 at 7.  He further argues that he "never turn[ed] down a legitimate job offer but was in talks with the agency to get back pay and lost benefits."  *Id.*

¶9      It is undisputed that the agency offered the full-time Housekeeping Aid position on October 29, 2014, with a projected start date of November 17, 2014, pending completion of the pre-employment process.  IAF, Tab 10 at 5.  The agency informed the appellant that he needed to accept the tentative offer within 3 days and that the agency would interpret his failure to accept within 3 days as a declination of the offer.  *Id.*  The appellant did not accept the job offer, but instead requested information on what his income would be after applying the offset for his disability retirement benefits.[6]  HCD (testimony of the HR specialist).  On December 31, 2014, the agency rescinded the tentative job offer "based on missing [Federal Employees Retirement System] Disability Retirement documents required to determine offset calculation."  IAF, Tab 16 at 4.

¶10     The appellant's arguments on review that he did not turn down a legitimate job offer and that he is entitled to lost wages and benefits through January 2016 are unpersuasive.  The October 29, 2014 tentative job offer specifically advised

---

[6] When a Federal Employees Retirement System annuitant, such as the appellant, is reemployed, the annuity continues, and the amount of annuity that applies to the period of reemployment is offset from the reemployed annuitant's salary.  5 U.S.C. § 8468(a); *Garza v. Department of the Navy*, 119 M.S.P.R. 91, ¶ 9 (2012).

the appellant that his failure to accept the offer within 3 days would be construed as a declination of the offer; nonetheless, the agency kept the position open for approximately 60 days. IAF, Tab 10 at 5, Tab 16 at 4. Although the appellant wanted specific information regarding his prospective income prior to accepting the offer, the onus was on him to provide to the agency in a timely manner the documentation necessary to make such a calculation. However, he failed to submit the documentation to the HR specialist until January 2015. HCD (testimony of the HR specialist). Therefore, we find no basis to disturb the administrative judge's determination that the appellant's failure to act in a timely manner in response to the October 29, 2014 job offer constituted an effective declination of the job offer and that the award period ended on the date the agency rescinded the offer. DID at 6-7. Although the appellant believes that he should be entitled to lost wages and benefits through January 2016, when the agency conceded that he would have been selected for the positions at issue, the Board has expressly rejected this approach. *Weed*, [124 M.S.P.R. 71](#), ¶ 20 n.4 (rejecting the appellant's contention that he was entitled to lost wages and benefits through the date the agency conceded that he would have been entitled to the positions at issue but for the veterans' preference violation and finding instead that the award period ended on the date the appellant declined the agency's job offer); *see Marshall*, 587 F.3d at 1317-18.

¶11        As noted above, the appellant is entitled to lost wages and benefits pursuant to section 3330c from the selection date that violated his veterans' preference rights until he either is placed in, or declines, the position at issue. *Marshall*, 587 F.3d at 1317-18. The parties do not challenge, and we discern no basis to disturb, the administrative judge's finding that September 30, 2014—the date on which the vacancy announcements closed—is the appropriate start date of the award period. Furthermore, for the reasons discussed above, we agree with the administrative judge that December 31, 2014—the date the agency rescinded the tentative offer—is an appropriate end date. DID at 6-7. Accordingly, we find

that the appellant is entitled to lost wages and benefits for the period from September 30 to December 31, 2014.

<u>The appellant is not entitled to liquidated damages.</u>

¶12    When, as here, a prevailing party in a VEOA appeal is entitled to lost wages and benefits pursuant to section 3330c(a), the Board also must award him liquidated damages in an amount equal to the back pay if the agency's violation of his veterans' preference rights is found to be willful.  5 U.S.C. § 3330c(a). The administrative judge determined that the agency did not willfully violate the appellant's veterans' preference rights when it failed to reassess his eligibility for the Housekeeping Aid positions after he timely submitted documentation demonstrating his eligibility.  DID at 8.  She further determined that the agency did not willfully violate the appellant's veterans' preference rights when it failed to reconstruct the selection process pursuant to the Board's order.  DID at 9. Thus, the administrative judge concluded that the appellant was not entitled to liquidated damages pursuant to section 3330c(a).  On review, the appellant challenges only the administrative judge's finding that the agency did not willfully violate his veterans' preference rights when it failed to reconstruct the hiring process.  PFR File, Tab 1 at 4, 7.

¶13    A violation is willful under 5 U.S.C. § 3330c(a) when the agency either knew or showed reckless disregard for whether its conduct was prohibited.  *Weed*, 124 M.S.P.R. 71, ¶ 9.  Reconstructing the selection process may be an appropriate remedy in a VEOA appeal when it is unknown whether a veteran would have been selected for a position.  *Id.*  However, reconstruction is not required when it is clear that the agency would have selected the veteran absent the VEOA violation. *Id.*  Here, as noted by the administrative judge, the agency conceded that it would have selected the appellant for either the part-time or full-time Housekeeping Aid positions absent the veterans' preference violation and subsequently offered the appellant both positions.  DID at 8-9.  Therefore, we find no basis to disturb the administrative judge's finding that the agency had a good faith belief that it was

not necessary to reconstruct the selection process and that the agency did not willfully violate the appellant's veterans' preference rights when it failed to reconstruct the selection process pursuant to the Board's order. DID at 9. Accordingly, we agree with the administrative judge that the appellant is not entitled to liquidated damages.

**ORDER**

¶14      We ORDER the agency to pay the appellant lost wages and benefits for the period from September 30, 2014, to December 31, 2014. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 60 days after the date of this decision.

¶15      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶16      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision in this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶17      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113(c) 5 C.F.R. § 1201.113(c).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), section 3330c(b). The regulations may be found at 5 C.F.R. §§ 1201.202, 1201.203, and 1208.25. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[7]**

The damages initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1.  Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2.  The following information must be included on AD-343 for Restoration:

    a.  Employee name and social security number.
    b.  Detailed explanation of request.
    c.  Valid agency accounting.
    d.  Authorized signature (Table 63).
    e.  If interest is to be included.
    f.  Check mailing address.
    g.  Indicate if case is prior to conversion.  Computations must be attached.
    h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2.  Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3.  Outside earnings documentation statement from agency.
4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.
5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a.  Must provide same data as in 2, a-g above.
    b.  Prior to conversion computation must be provided.
    c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.