## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALVERN C. WEED,
                Appellant,

v.

SOCIAL SECURITY
    ADMINISTRATION,
                Agency.

DOCKET NUMBER
DE-1221-09-0320-C-2

DATE: April 26, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Bryan Charles Tipp</u>, Esquire, Missoula, Montana, for the appellant.

<u>Mary Thorson</u>, Esquire, Chicago, Illinois, for the agency.

<u>Patrick W. Carlson</u>, Esquire, Baltimore, Maryland, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the compliance initial decision, which dismissed his petition for enforcement as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant, a 10-point compensable preference-eligible veteran, filed a 2008 Board appeal (MSPB Docket No. DE-3330-08-0490-I-1) under the Veterans Employment Opportunities Act of 1998 (VEOA) alleging that the agency violated his veterans' preference rights when it used the Federal Career Intern Program to non-competitively fill four positions in its Kalispell, Montana office in 2006 and 2007.[2] *Weed v. Social Security Administration*, 112 M.S.P.R. 323, ¶¶ 3-4 n.1 (2009).

In 2008, the appellant also filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that the agency discriminated against him based on his age and retaliated against him for his prior equal employment opportunity activity by precluding him from applying for the four positions at

---

[2] The agency filled one of the positions (claims representative) on September 5, 2006; it filled two positions (claims representative and contact representative) on July 8, 2007; and it filled the remaining position (contact representative) on September 30, 2007. *See Weed v. Social Security Administration*, MSPB Docket Nos. DE-1221-09-0320-B-1, DE-3330-08-0490-B-2, DE-4324-09-0086-B-2, Final Order at 14 (Sept. 10, 2012).

issue in this appeal. *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-C-2, Compliance Appeal File (C-2 AF), Tab 2 at 79. On February 15, 2011, an EEOC administrative judge issued a decision finding that the agency had engaged in reprisal in violation of the Age Discrimination In Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, regarding the three positions that it filled in July and September of 2007, and ordered the agency to offer the appellant one of the positions it filled on July 8, 2007, retroactive to that date. *Id.* at 80. On July 18, 2011, the agency offered the appellant the claims representative position retroactive to July 8, 2007; however, the appellant, who had retired in June 2008, declined the offer. *Id.* at 87, n.3; *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-C-1, Compliance File (CF), Tab 3 at 16, 19. In November 2011, the agency provided the appellant back pay for the period from July 8, 2007, to August 13, 2011. C-2 AF, Tab 5 at 26.

In the meantime, on October 22, 2011, the administrative judge issued a remand initial decision granting the appellant corrective action in the VEOA appeal. *Weed v. Social Security Administration*, MSPB Docket No. DE-3330-08-0490-B-2, Remand File, Tab 65, Remand Initial Decision at 23-26. In a September 10, 2012 Final Order, the Board affirmed the finding in the remand initial decision that the agency violated the appellant's rights under VEOA and ordered the agency to reconstruct the hiring process for the four positions at issue. *Weed v. Social Security Administration*, MSPB Docket Nos. DE-1221-09-320-B-1, DE-3330-08-0490-B-2, DE-4324-09-0086-B-2, Final Order at 2, 6-9, 12-14 (Sept. 10, 2012).

On October 9, 2012, the agency offered the appellant the claims representative position it filled on September 5, 2006, retroactive to that date. CF, Tab 3 at 14. The appellant effectively declined the offer on October 17,

2012.[3] *Weed v. Social Security Administration*, MSPB Docket No. 1221-09-0320-P-2, Refiled Damages File (P-2 DF), Tab 36, Addendum Initial Decision (P-2 AID) at 5 n.3.

On November 1, 2012, the appellant filed a petition for enforcement arguing that the agency failed to comply with the Board's order to reconstruct the hiring process for the four positions at issue, CF, Tab 1 at 2, and a petition for damages seeking compensation for lost wages and benefits under the VEOA pursuant to 5 U.S.C. § 3330c(a). *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-P-1, Damages File (DF), Tab 1 at 1-8. On March 6, 2013, the administrative judge issued an initial decision that dismissed the appellant's petition for damages as premature because there had not been a determination as to whether the agency would have selected the appellant had the VEOA violation not occurred. DF, Tab 6, Initial Decision.

On March 29, 2013, the agency conceded that, absent a violation of the appellant's veterans' preference rights, he would have been selected for the positions in question. CF, Tab 8 at 5-15, 19. The appellant filed a renewed petition for damages on April 26, 2013. P-2 DF, Tab 1. On July 23, 2013, the administrative judge issued a compliance initial decision that dismissed the appellant's petition for enforcement as moot and notified the appellant that his damages claim was ripe for consideration. CF, Tab 12, Compliance Initial Decision (CID) at 7-8. In finding the petition for enforcement moot, the administrative judge noted that, in *Marshall v. Department of Health and Human Services*, 587 F.3d 1310, 315-18 (Fed. Cir. 2009), our reviewing court held that, when it is undisputed that the agency would have selected the appellant but for a

---

[3] In the offer letter, the agency notified the appellant that failure to respond on or before 7 calendar days from his receipt of the offer would be considered a declination. CF, Tab 3 at 14. It is undisputed that the appellant received the offer letter on October 10, 2012. *Weed v. Social Security Administration*, MSPB Docket No. 1221-09-0320-P-2, Refiled Damages File (P-2 DF), Tab 36, Addendum Initial Decision at 5 n.3. Although the appellant's attorney indicated in an October 11, 2012 letter to the agency's attorney that the appellant was "generally inclined to accept the position offered," he did not do so. CF, Tab 4 at 13.

veterans' preference violation, VEOA requires the agency to offer him the same, or a substantially equivalent, position. CID at 6. The administrative judge found that, because the agency conceded that the appellant would have been selected for the positions at issue but for its veterans' preference violation, and offered him the first position at issue retroactive to September 5, 2006, the agency was in material compliance with the Board's September 10, 2012 Final Order. CID at 6-7.

In the damages proceeding, the administrative judge issued an addendum initial decision on February 11, 2016, finding that, pursuant to 5 U.S.C. § 3330c, the appellant was entitled to lost wages or benefits from the selection date that violated his veterans' preference rights until he was either placed in the position at issue or declined the position at issue. P-2 AID at 3-4 (citing *Marshall*, 587 F.3d at 1318). Accordingly, the administrative judge granted the appellant lost wages from the date the agency appointed an individual to the first of the four positions at issue, September 5, 2006, until the date the appellant declined the agency's offer to appoint him to that position, October 17, 2012. P-2 AID at 5, 8.

In a December 21, 2016 Opinion and Order, the Board affirmed the addendum initial decision as modified to find that the appellant was also entitled to lost benefits, and ordered the agency to pay the appellant lost wages and benefits from September 5, 2006, until October 17, 2012, within 60 days of the order. *Weed v. Social Security Administration*, 124 M.S.P.R. 71, ¶¶ 21, 24 (2016), *aff'd*, 711 F. App'x, 624 (Fed. Cir. 2017).

On March 13, 2017, the appellant filed a petition for enforcement alleging that the agency had not complied with the Board's order to pay him lost wages and benefits from September 5, 2006, to October 17, 2012. C-2 AF, Tabs 1-2. In its April 5, 2017 response, the agency asserted that it was in full compliance with the Board's final order and had provided the appellant lost wages and benefits for the requisite period, although the need to work with other agencies to calculate

the lost wages and benefits had delayed its compliance by approximately 30 days. C-2 AF, Tab 5 at 5, 12.

On August 23, 2018, the administrative judge issued a compliance initial decision that dismissed the petition for enforcement as moot. C-2 AF, Tab 24, Compliance Initial Decision (C-2 CID) at 1, 13. The administrative judge found that, "while the agency may not have been in compliance [with the Board's December 21, 2016 final order] initially, it has now shown compliance and the appellant has received all of the relief that he could have received had he prevailed." C-2 CID at 9; *see Laviene v. U.S. Postal Service*, 53 M.S.P.R. 238, 243-44 (1992) (holding that, in light of the agency's evidence of compliance, the appellant's petition for enforcement was moot). In support of this conclusion, the administrative judge found that: it is undisputed that the agency processed the appellant's lost wages and benefits for the period inclusive of September 5, 2006, to October 17, 2012, C-2 CID at 9 (citing C-2 AF, Tab 5 at 25-125); the appellant acknowledged in an affidavit that he received the payment of lost wages and benefits on March 31, 2017, C-2 CID at 11 (citing C-2 AF, Tab 13 at 10); and the appellant does not dispute the agency's line-item calculations, C-2 CID at 11.

The appellant has filed a petition for review of the compliance initial decision, the agency has filed a response in opposition to the petition for review, and the appellant has filed a reply to the agency's response. *Weed v. Social Security Administration*, MSPB Docket No. DE-1221-09-0320-C-2, Petition for Review (C-2 PFR File), Tabs 1, 3, 6. The appellant also has filed a motion to strike the agency's response to his petition for review, and the agency has opposed that motion. C-2 PFR File, Tabs 4-5.

## ANALYSIS

<u>We deny the appellant's motion to strike the agency's response to the petition for review.</u>

The appellant has filed a motion to strike the agency's response to his petition for review on the grounds that it exceeds the page limitation on such

responses set forth in 5 C.F.R. § 1201.114(h). C-2 PFR File, Tab 4 at 5. In support of his motion, the appellant asserts that 5 C.F.R. § 1201.114(h) specifies that responses to petitions for review are limited to 15 pages, exclusive of any table of contents, table of authorities, attachments, and certificate of service. *Id.* The appellant has apparently misread 5 C.F.R. § 1201.114(h), which sets the page limitation for both petitions for review and responses to petitions for review at 30 pages. The agency's response is 25 pages, exclusive of any table of contents, table of authorities, attachments, and certificate of service. C-2 PFR File, Tab 3 at 4-28. Therefore, the agency's response complies with the page limit set forth in 5 C.F.R. § 1201.114(h), and we deny the appellant's motion to strike.

We decline to consider the documents the parties submit on review.

Both parties have submitted documents on review. C-2 PFR File, Tab 1 at 26-27, Tab 3 at 31-72. The Board generally will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).

With his petition for review, the appellant submits an annuity statement from the Office of Personnel Management (OPM) dated September 23, 2018, which shows the amount of money that OPM deducted from the appellant's annuity payment for October 2018 to collect an overpayment that the appellant received. C-2 PFR File, Tab 1 at 3. Although this statement is new evidence, it

is not material, as it has no bearing on whether the agency complied with the Board's order in *Weed*, 124 M.S.P.R. 71, ¶ 24.. *See Russo*, 3 M.S.P.R. at 349.

Many of the documents that the agency submits on review are already part of the record. *Compare* C-2 PFR File, Tab 3 at 44-46, 48, 50-52, 54, 56, 58, and 60-70, *with* C-2 AF, Tab 22 at 54-56, Tab 5 at 59, Tab 22 at 58-60, Tab 5 at 61, 62, and 60, and Tab 22 at 8-18. Evidence that is already a part of the record is not new. *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). Further, none of the documents submitted on review is material to the outcome of this appeal because they fail to show that any of the administrative judge's findings are erroneous or that a different outcome is warranted. *Russo*, 3 M.S.P.R. at 349. Therefore, they provide no basis to disturb the initial decision.

<u>The administrative judge properly dismissed the appellant's petition for enforcement as moot.</u>

Mootness can arise at any stage of litigation. An appeal will be dismissed as moot when, by virtue of an intervening event, the Board cannot grant any effectual relief in favor of the appellant, as when the appellant, by whatever means, obtained all of the relief he could have obtained had he prevailed before the Board and thereby lost any legally cognizable interest in the outcome of the appeal. *Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶ 12 (2013).

As the administrative judge found, there is no dispute that the agency paid the appellant lost wages and benefits from September 5, 2006, to October 17, 2012, as ordered by the Board in *Weed*, 124 M.S.P.R. 71, ¶ 24. C-2 CID at 9, 11. On review, the appellant explicitly acknowledges that the agency complied with the Board's order. *See* C-2 PFR File, Tab 1 at 12 (stating that he recognizes that the agency was following the Board's December 21, 2016 Opinion and Order "to the letter" in calculating his back pay award) and 14 (stating that, after he filed a supplement to his petition for enforcement, he realized that the Board specifically

directed the agency to reset his imputed retroactive appointment date to September 5, 2006).

Nevertheless, the appellant argues on review that he has not received all of the relief that he could have received had he prevailed and, therefore, his petition for enforcement is not moot. C-2 PFR File, Tab 1 at 17-18. In particular, he contends that the Board could have ordered the agency to appoint him to the claims representative position retroactive to July 8, 2007, *id.* at 17, and he alleges that both the administrative judge and the Board selected September 5, 2006, as the appropriate retroactive appointment date based on the agency's false representations that retroactively appointing the appellant to the claims representative position as of September 5, 2006, would be "most advantageous" for him. *Id.* at 16-18. The appellant asserts that the Board should remedy its "fraudulently-induced order" of December 21, 2016, by directing the agency to appoint him to the claims representative position effective July 8, 2007. *Id.* at 17, 23-24.

We find that the record does not support the appellant's claim that the administrative judge and the Board ordered the agency to pay the appellant lost wages retroactive to September 5, 2006, based on the agency's representations that an imputed retroactive appointment date of September 5, 2006, was "most advantageous" to the appellant. As previously discussed, the February 16, 2011 Addendum Initial Decision shows that the administrative judge granted the appellant lost wages from September 5, 2006, to October 17, 2012, based on her finding that, pursuant to 5 U.S.C. § 3330c, the appellant was entitled to lost wages or benefits from the selection date that violated his veterans' preference rights until he was either placed in the position at issue or declined the position at issue. P-2 AID at 3-4 (citing *Marshall*, 587 F.3d at 1318). Thus, this decision clearly indicates that the administrative judge properly selected September 5, 2006, as the appropriate beginning date for calculating the appellant's lost wages based on the relevant statute, not on the agency's representations as to which of

the four positions at issue would have been most beneficial to the appellant. Accordingly, to the extent that the appellant asks the Board to set aside the portion of the Board's December 21, 2016 Order directing the agency to pay the appellant wages and benefits beginning on September 5, 2006, on the grounds that it was "fraudulently-induced," we deny that request.

On review, the appellant also reasserts his argument from below that implementation of the Board's December 21, 2016 Order diminished the remedy previously ordered by the EEOC. C-2 PFR File, Tab 1 at 5, 12-13; C-2 AF, Tab 16 at 19-21. In support of this claim, the appellant asserts that calculating the back pay award based on a starting date of September 5, 2006, at the GS-11, step 8 pay level, as the Board order required, results in a lower award than calculating the back pay award based on a starting date of July 8, 2007, at the GS-11, step 9 pay level, as the EEOC order required. C-2 PFR File, Tab 1 at 12-13. He contends that the Board exceeded its authority by issuing the December 21, 2016 Order because the Board cannot issue an order that adversely affects a prior EEOC order. *Id.* at 18-19.

The administrative judge addressed this argument in the compliance initial decision. C-2 CID at 12. She found that any reduction of the EEOC award is a matter outside the Board's jurisdiction and does not alter the fact that the agency is in material compliance with the Board's final order to pay the appellant lost wages and benefits from September 5, 2006, until October 17, 2012. *Id.*

We agree. It is well settled that the purpose of an enforcement proceeding is to obtain compliance with the Board's final order and that, once compliance is obtained, the compliance matter is moot. *See Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶¶ 24-25 (2008). The consequences of the agency's compliance do not negate the compliance, nor do they have any bearing on whether the compliance matter is moot. Thus, even if the implementation of the Board's final order effectively reduced the EEOC award, this provides no basis to disturb the administrative judge's findings that the agency is in material

compliance with the Board's order and that the petition for enforcement is, therefore, moot.[4]

<u>The appellant has failed to show adjudicatory error.</u>

Lastly, the appellant argues on review that the administrative judge should have ordered the parties to submit evidence on the issue of which position is most advantageous to him, as that issue is critical to an equitable decision on damages. C-2 PFR File, Tab 1 at 22. He contends that the administrative judge's failure to order evidence on this issue denied him the opportunity to refute the agency's false assertions and adversely affected his entitlement to back pay and benefits. *Id.* at 22-23.

The appellant's argument is unavailing. This is an enforcement proceeding, not a damages proceeding, and the issue of which position was most advantageous to the appellant has no bearing on whether the agency complied with the Board's order. Accordingly, we find that the administrative judge properly did not order the submission of evidence about that issue.

In sum, because the agency provided the appellant the remedy ordered by the Board in its December 21, 2016 Final Order, we agree with the administrative judge's determination that the petition for enforcement is moot.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Similarly, that the implementation of the Board's December 21, 2016 Order resulted in an overpayment of the appellant's retirement annuity, which OPM is currently collecting by deducting money from the appellant's monthly annuity payments, provides no basis to disturb the administrative judge's finding that the agency is in material compliance with the Board's order. C-2 PFR File, Tab 1 at 13, 14 n.2.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195,

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                 _____
                               Gina K. Grippando
                               Clerk of the Board

Washington, D.C.